IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LARRY SYLVESTER HINES,<br><br>Defendant. | CR 21–12–BLG–SPW<br><br>ORDER |

On April 10, 2023, Defendant Larry Sylvester Hines filed a motion to reduce his 36-month federal sentence under 18 U.S.C. § 3582(c)(1)(A).[1] (Doc. 50.) His projected release date is April 15, 2024. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed December 13, 2023). On April 11, 2023, counsel was appointed to represent Mr. Hines. (Doc. 51.) Appointed counsel filed an amended motion on July 24, 2023. (Doc. 55.) The government opposes the motion. (Doc. 57.)

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of

---

[1] Mr. Hines has filed an identical motion for compassionate release in matter number CR 21-98-BLG-DLC. The Court will address each motion separately.

1

Prisons and the reduction: (1) takes into consideration the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling reasons," or the defendant is at least 70 years old and has served at least 30 years in prison; and (3) is consistent with the applicable policy statements of the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2023).[2]

Mr. Hines argues that a reduction in his sentence is warranted based on his health concerns, COVID-19, and 18 U.S.C. § 3553(a)'s sentencing factors. (*See* Docs. 50, 55.) For the reasons discussed below, the Court denies the motion.

## I.     Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the

---

[2] The United States Sentencing Commission recently revised § 1B1.13 of the Sentencing Guidelines Manual, in part, moving the Commission's policy statements that were previously in commentary notes into the actual Guidelines text. *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 1, 2023) (available at https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023).

lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). On June 24, 2022, the warden of FCI Sheridan received Mr. Hines's request for sentence reduction. (Doc. 55-1 at 1.) The warden denied Mr. Hines's request on July 14, 2022, for failure to provide adequate information upon which to make a determination. (*Id.* at 2.) Thus, it would appear that Mr. Hines has exhausted his administrative remedies.

## II. Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B), (b)(1)(C) (U.S. Sent'g Comm'n 2023). Additionally, an extraordinary and compelling reason exists where the defendant presents the following circumstances—

    (i)    the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of

|       |                                                                                                                                                                                                                                                              |
|-------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|       | infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;                                                                                                                               |
| (ii)  | due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and |
| (iii) | such risk cannot be adequately mitigated in a timely manner.                                                                                                                                                                                                 |

*Id.* § 1B.13(b)(1)(D).

The defendant may also "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the" examples provided by the Sentencing Commission, "are similar in gravity to" the examples provided. *Id.* § 1B1.13(b)(5). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

Mr. Hines argues his Glaucoma, Type 2 Diabetes, and high blood pressure, as well as the possibility of contracting COVID-19 meet the extraordinary and compelling circumstances test. (Doc. 55 at 5.) The United States concedes that Mr. Hines has demonstrated extraordinary and compelling circumstances and instead relies on the 18 U.S.C. § 3553(a) factors to oppose to the motion. (Doc. 57 at 5–7.)

As discussed in more detail below, the Court finds that the § 3553(a) factors do not support Mr. Hines's early release. Therefore, the Court need not determine whether Mr. Hines has presented extraordinary and compelling circumstances. However, the Court does note that Mr. Hines appears to have received appropriate

medical care while in custody. His serious glaucoma condition, which renders him legally blind, has been appropriately treated with examination by an outside ophthalmologist and the prescription of eyedrops, and all of his other medical conditions are stable and being properly managed from a medical point of view. He has also received all of his Covid vaccines.

### III.   Section 3553(a) Factors

The Court must address the federal sentencing objectives set forth in 18 U.S.C. § 3553(a), which include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

On March 17, 2022, Mr. Hines was sentenced in this matter to a custodial sentence of 36 months to be followed by 3 years of supervised release after pleading guilty to one count of making a false statement during a firearms transaction, in violation of 18 U.S.C. § 922(a)(6). (Doc. 38.) On March 16, 2022,

Mr. Hines was sentenced in matter number CR 21-98-BLG-DLC to a custodial sentence of 36 months to be followed by 3 years of supervised release after pleading guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Hines*, No. CR 21-12-BLG-SPW, Doc. 22 (D. Mont. Mar. 16, 2022). The sentence in each matter was ordered to run concurrently with the other. *Id.*; *see also* (Doc. 38).

The offense conduct here involved Mr. Hines attempting to purchase a handgun on July 7, 2020. (Doc. 40 at 3.) On the ATF Form 4473 Mr. Hines filled out to purchase the firearm, he reported that he had not ever been convicted in any Court of a felony. (*Id.* at 3.) In fact, Mr. Hines's criminal history consists of multiple felony and misdemeanor convictions, including a prior conviction for felon in possession of a firearm from 2010. (*Id.* at 5–10.)

Mr. Hines's total criminal history score was 10 at the time of sentencing, placing him in criminal history category V. (*Id.* at 10.) Mr. Hines's criminal history also indicates that he has previously been revoked while on federal supervised release. (*Id.* at 9.) His total offense level was 17. (*Id.* at 5.) Accordingly, Mr. Hines's guideline range was 46 to 57 months. (*Id.* at 15.) The Court varied downward from the guideline range at sentencing based on an evaluation of the § 3553(a) factors. (*See* Doc. 39 at 3.)

Particularly concerning to the Court is Mr. Hines's extensive criminal

history that involves multiple weapons offenses and convictions for assault. The Court believes that Mr. Hines continues to present a danger to the community. Mr. Hines has approximately four months remaining on his custodial sentence. Completion of the sentence imposed will best serve the aims of sentencing under § 3553(a), especially the need to promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public.

## CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release (Docs. 50, 55) is DENIED.

DATED this 13th day of December, 2023.

*Susan P. Watters*
Susan P. Watters, District Judge
United States District Court